**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IMA ILIU FLORES ZELAYA, individually and as Special Co-Administrator on behalf of Estate of Luis Solano and ELIA DELCARMEN SOLANO PATRICIO, individually and as Special Co-Administrator on behalf of Estate of Luis Solano, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT; et al., <br><br> Defendants-Appellants, <br><br> and <br><br> BILL GILLESPIE, Sheriff and NAPHCARE, INC., <br><br> Defendants. | No. 16-15316 <br><br> D.C. No. 2:13-cv-01181-JAD-CWH <br><br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted February 16, 2017
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: TASHIMA and HURWITZ, Circuit Judges, and ADELMAN,[**] District Judge.

After an arrest on drug charges, Luis Jersain Solano was held in the psychiatric module of the Clark County Detention Center. During a free-time period, Solano began pacing in the day room and appeared agitated. Las Vegas Metropolitan Police Department ("LVMPD") officers responded and attempted to restrain Solano. After their initial attempts to do so were unsuccessful, four officers took Solano to the ground and applied handcuffs. For at least 90 seconds after Solano was handcuffed and had stopped resisting, three officers continued to pin him to the ground with their bodies. When the officers got off Solano, he was unconscious. He died soon thereafter.

In this suit, Solano's estate and family allege claims under 42 U.S.C. § 1983 and state law against the LVMPD officers involved in the incident. The district court denied the officers' motion for summary judgment asserting qualified immunity with respect to the § 1983 claims and discretionary immunity with respect to the state law claims. The officers appealed that ruling. We have jurisdiction over the qualified immunity appeal as an appealable final decision, *see Kwai Fun Wong v. United*

---

[**] The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

2

*States*, 373 F.3d 952, 960 (9th Cir. 2004), and the state law discretionary immunity appeal, *see Liberal v. Estrada*, 632 F.3d 1064, 1075 (9th Cir. 2011). We affirm.

1. A reasonable jury could find that the officers' use of force was objectively unreasonable and violated the Fourth Amendment. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Video of the incident shows Solano motionless and unresisting for more than 90 seconds while officers continued to pin him to the ground with their body weight and bend his legs toward his torso. The medical examiner concluded this force caused Solano's death.

2. The alleged excessive force violated clearly established law. In *Drummond ex rel Drummond v. City of Anaheim*, 343 F.3d 1052 (9th Cir. 2003), we held that qualified immunity was not appropriate when a suspect was subdued and handcuffed, yet officers "pressed their weight onto his neck and torso, and maintained that pressure for a significant period of time." *Id.* at 1063. It was thus clearly established that continuing to press weight onto a detainee for a significant period of time after the detainee is subdued violates the Fourth Amendment. Although the officers in this case did not apply force to Solano for as long a period as involved in *Drummond*, the video of the incident creates at least a disputed issue of material fact whether they did so for a significant period of time after Solano ceased resisting.

3.  The officers' appeal from the district court's refusal to grant the officers summary judgment on the state law claims is premised entirely on their argument that qualified immunity should have been granted on the federal claims and that the state law claims stand in the same posture.  Because we affirm the denial of qualified immunity on the federal claims, in the circumstances of this case, affirmance of the denial of discretionary immunity on the state law claims follows.

**AFFIRMED**.